IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER HESS,

    Petitioner,

v.                                      Civil action no. 3:05cv14
                                        Criminal action no. 3:04cr3
                                        (Judge Broadwater)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 2, 2005, the petitioner, filed a *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges that his sentence is unconstitutional in light of United States v. Booker[1]. On April 20, 2005, the United States filed its Response. On May 4, 2005, the petitioner filed his response to the government's response. This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On April 15, 2004, the petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment, charging him with being a felon in possession of a firearm, in violation of Title 18, United State Code, §922(g)(1). On April 16, 2004, the petitioner entered his

---

[1] 543 U.S. 220 (2005)

plea in open court. On August 2, 2004 the Court sentenced the petitioner to eighty months imprisonment, and the Judgment and Conviction order was entered on August 17, 2004.

## B. Appeal

The petitioner did not pursue a direct appeal.

## C. Federal Habeas Corpus

The petitioner asserts that the District Court enhanced his sentence, when it took into account facts not admitted by him nor proven to a jury beyond a reasonable doubt. He argues that in so doing, the court violated the rulings in Blakely v. Washington[2] and Booker. The respondent requests no specific relief other than the granting of his motion under 28 U.S.C. §28 U.S.C. 2255.

## D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

## III. ANALYSIS

In Apprendi v. United States, the United States Supreme Court issued a decision wherein it held that "other than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). Thereafter, in Blakely v. Washington, the United States Supreme Court clarified that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Finally, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing

---

[2]542 U.S. 296 (2004).

guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

To the extent that the petitioner relies on Blakely in support of his motion to vacate, the same is misplaced. The petitioner pleaded guilty to possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The maximum penalty for this crime is a period of incarceration of not more than ten years. 18 U.S.C. §924(a)(2). As previously noted, the petitioner was sentenced to a term of eighty months, well below the statutory maximum. According, there is no Blakely violation.

As well, the petitioner's reliance on Booker is misplaced. Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[3] In this particular case, the petitioner's judgment and conviction order was entered on August 17, 2004. No notice of appeal was entered, and therefore, petitioner's conviction became final on August 27, 2004, when the ten day period for filing a notice of appeal elapsed. Because the petitioner's conviction became final prior to the issuance of the Booker decision on January 12, 2005, the petitioner is not entitled to have said decision applied retroactively to his sentence and his motion should be dismissed.

---

[3]The Fourth Circuit Court's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

## V. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia, as provided in ths Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia..

Dated: March 14, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE